UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YOLANDA F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-6053 RSM <br><br> **ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her testimony and two medical opinions and relying on another medical opinion. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is 49 years old, has a limited education, and has no past relevant work. Dkt. 10, Admin. Transcript (Tr.) 26. Plaintiff alleges disability as of June 1, 2017. Tr. 17. After conducting a hearing in September 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 40-98, 17-28. The ALJ found Plaintiff's posttraumatic stress disorder (PTSD) and bipolar

disorder limited her to simple, routine work with few changes and without fast-paced production requirements, occasionally interacting with coworkers and the public.  Tr. 20, 22.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Plaintiff's Testimony**

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.  The ALJ discounted Plaintiff's testimony of disabling mental symptoms when not medicated and severely sedating side effects when medicated, finding her mental symptoms were due in part to situational stressors, treatment noncompliance was an "issue" and her symptoms improved with treatment, and her mental status examination results were largely normal and stable.  Tr. 24; Tr. 72-73.  The ALJ also found Plaintiff's ability to survive periods of homelessness indicated an ability to "adapt to … change, and carry out simple and routine requirements on a regular basis."  Tr. 25.  However, merely continuing to remain alive does not indicate an ability to perform full-time work.  *Cf. Smolen v. Chater*, 80 F.3d 1273, 1284 n. 7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits….").

The ALJ identified evidence Plaintiff experienced extreme situational stress, but no evidence such stress caused her symptoms.  Unsupported by substantial evidence, this cannot be a clear and convincing reason to discount Plaintiff's testimony.

The ALJ also stated Plaintiff had issues of treatment noncompliance, and improved when

receiving treatment. Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ identifies evidence medications provided some therapeutic benefit, but no evidence of improvement sufficient to show Plaintiff could work or to contradict her testimony. Improvement with treatment was not a specific and legitimate reason to discount Plaintiff's testimony.

The ALJ also cited consistently normal mental status examination findings. Plaintiff refers vaguely to symptoms waxing and waning, but points to no supporting evidence. Dkt. 12 at 4. Plaintiff also argues her mental status inside a provider's office gives no indication of her ability to work. Dkt. 14 at 2. But the ALJ reasonably inferred that, in an appointment to treat depression, clinical observations the provider chose to make were relevant to Plaintiff's mental function in the world, not just in a doctor's office. *See* Tr. 430. In a thorough mental status examination, the provider documented normal orientation, mood, affect, behavior, fund of knowledge, language, insight, attention span, and concentration, with no agitation, anhedonia, compulsive behavior, euphoria, fearfulness, flight of ideas, forgetfulness, grandiosity, hallucinations, hopelessness, memory loss, mood swings, paranoia, pressured speech, or suicidal ideation. Tr. 433-34. Every measure was normal except Plaintiff was anxious. Tr. 433. Other mental status examinations also showed entirely normal results except anxiety. *See*, *e.g.*, Tr. 460-61. These extensive normal clinical findings contradicted Plaintiff's testimony that, for example, she was too forgetful even to do laundry and experienced hallucinations and overwhelming emotion. Tr. 72-73, 78, 79. These contradictions were a clear and convincing reason to discount Plaintiff's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony.").

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.      Medical Opinions**

   **1.      Curtis G.G. Greenfield, Psy.D.**

In March 2017, Dr. Greenfield diagnosed Plaintiff with PTSD, stimulant use disorder in early remission, and mild cannabis use disorder, and opined she was unable to communicate and perform effectively, maintain appropriate behavior, complete a normal work day and work week, and set realistic goals and plan independently. Tr. 303. The ALJ found Dr. Greenfield's opinions unpersuasive because Plaintiff's providers regularly reported normal mental status examination results. Tr. 26. Plaintiff argues "[a]ssessing [her] ability to work based on the results of a mental status examination is meaningless." Dkt. 12 at 7. Plaintiff fails to explain why assessments her health care providers made for purposes of treatment should be considered meaningless. The ALJ reasonably inferred that consistently largely normal results of examinations performed for treatment purposed better reflected Plaintiff's long-term condition than the less normal results from Dr. Greenfield's one-time examination. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

While the parties disagree on the standard of review, the Court concludes the ALJ did not err by discounting Dr. Greenfield's opinion under either standard. Consistency with the record is one of the primary factors an ALJ considers. 20 C.F.R. § 416.920c(b)(2) ("The factors of supportability … and consistency … are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions…."). And inconsistency

with the medical record was a specific and legitimate reason to discount Dr. Greenfield's opinions under Ninth Circuit precedent.  *See Batson*, 359 F.3d at 1195 (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions).

The Court concludes the ALJ did not err by discounting Dr. Greenfield's opinions.

**2.     Alyssa Ruddell, Ph.D.**

In April 2016, Dr. Ruddell examined Plaintiff and opined she had marked limitations in most work-related areas, including maintaining punctual attendance, learning new tasks, and completing a normal work day and work week.  Tr. 448.  The ALJ discounted Dr. Ruddell's opinions as inconsistent with the longitudinal medical record, and noted her examination occurred over a year before Plaintiff's alleged onset date.  Tr. 26.  As with Dr. Greenfield's opinions, inconsistency with largely normal findings in treatment notes was a sufficient reason to discount Dr. Ruddell's opinions.  Plaintiff argues the consistency between Dr. Greenfield's and Dr. Ruddell's opinions undermines the ALJ's reasoning.  Dkt. 12 at 8.  First, Dr. Greenfield's and Dr. Ruddell's reports vary both in clinical findings and in opined limitations.  *Compare*, *e.g.*, Tr. 304-05 (normal attitude/behavior; abnormal orientation) *with* Tr. 449 (abnormal attitude/behavior; normal orientation).  More importantly, consistency between two examinations for assessment purposes does not outweigh consistent reports by treating providers over the course of several years.  The Court concludes the ALJ did not err by discounting Dr. Ruddell's opinions.

**3.     Carla van Dam, Ph.D.**

Plaintiff contends the ALJ erred by finding persuasive Dr. van Dam's opinion that

Plaintiff could perform simple work full time, because Dr. van Dam "did not review all of the relevant medical evidence and did not account for the Plaintiff's testimony about her limitations." Dkt. 12 at 8.  However, the ALJ permissibly discounted Plaintiff's testimony, and there is no requirement for a medical source to review every piece of medical evidence in the record before providing an opinion.  Moreover, an ALJ is not required to provide reasons in support of incorporating a medical opinion into the RFC determination.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one).  Plaintiff argues Dr. van Dam disagreed with Dr. Greenfield's and Dr. Ruddell's opinions for poor reasons.  Dkt. 12 at 8.  However, because the ALJ permissibly discounted Dr. Greenfield's and Dr. Ruddell's opinions, Dr. van Dam's disagreement with them provides no reason the ALJ should have rejected her opinions.  Plaintiff has shown no error.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE